UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

YASIN MAHDI,

    Plaintiff,

v.

    Case No. 22-cv-1184-pp

CONVERGENT OUTSOURCING INC.
and IC SYSTEM INC.,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO RACINE COUNTY CIRCUIT COURT (DKT. NO. 21) AND REMANDING CASE, DECLINING TO RULE ON DEFENDANT CONVERGENT OUTSOURCING'S MOTION TO COMPEL/MOTION FOR SANCTIONS (DKT. NO. 16) AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS (DKT. NO. 19) AND DECLINING TO RULE ON DEFENDANT IC SYSTEM'S MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. NO. 20)**

On October 5, 2022, defendant Convergent Outsourcing Inc. filed a notice of removal from Racine County Circuit Court/Small Claims Civil Division on the ground that the plaintiff purported to allege violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. Dkt. No. 1. Two days after the case was removed, Attorney Brian Ponder filed a notice of appearance on behalf of the plaintiff, dkt. no. 3, and both defendants filed answers, dkt. nos. 7, 8. In their joint Rule 26 report, the parties summarized the plaintiff's claim as follows: "Plaintiff alleges that Defendants attempted to collect an alleged consumer debt from Plaintiff in violation of state and federal law." Dkt. No. 13 at 1. The parties agreed that the court had federal question jurisdiction. Id. at 3-4. Attorney Ponder signed that report mindful of his

1

obligations under Rule 11. Id. at 5. The court issued a scheduling order with discovery due by June 30, 2023. Dkt. No. 14.

On June 30, 2023, Convergent filed a motion to compel and motion for sanctions, asserting that the plaintiff failed to appear for his deposition and failed to serve timely responses to Convergent's requests for admission, interrogatories and production of documents. Dkt. No. 16. The plaintiff did not respond to the motion. On July 28, 2023, Convergent filed an expedited motion for leave to file supplemental exhibits to the pending motion for sanctions. Dkt. No. 19. Again, the plaintiff did not respond.

One month later, defendant IC System, Inc. filed a motion for judgment on the pleadings. Dkt. No. 20. The plaintiff did not respond to that motion, but within days of IC System's filing, the plaintiff filed his own motion to remand, arguing that the court lacks subject matter jurisdiction because the plaintiff does not have standing under Article III. Dkt. No. 22 at 2. The plaintiff simultaneously asked for fees and costs in connection with the remand. Id. at 5. Both defendants oppose the motion to remand, noting that the plaintiff waited eleven months to bring the motion, and brought it after he failed to appear for his deposition or engage in discovery, after the deadline for completing discovery or filing dispositive motions, after he failed to respond to the defendants' motions and after receiving a motion for judgment on the pleadings. Dkt. Nos. 26 at 3; 28 at 1.

I.    **Plaintiff's Motion to Remand (Dkt. No. 21)**

    A.    Legal Standard

On a motion to remand, all doubt is resolved in favor of remand. Paldrmic v. Altria Corp. Servs., Inc., 327 F. Supp. 2d 959, 963 (E.D. Wis. 2004) (citing Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc.,

2

Case 2:22-cv-01184-PP   Filed 01/30/24   Page 2 of 12   Document 30

70 F. Supp. 2d 888, 892 (E.D. Wis. 1999)). The case must be remanded if, at any time before final judgment, it appears that the court lacks subject-matter jurisdiction. 28 U.S.C. §1447(c). A federal court has subject-matter jurisdiction only if the plaintiff has Article III standing. MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co., 935 F.3d 573, 581 (7th Cir. 2019). Article III standing is a crucial element for a District Court as it ensures that the court does not exceed its authority over cases and controversies that the federal court cannot hear. Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).

To have Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. at 338. To establish an injury in fact, a plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Id. at 339. A plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Nettles v. Midland Funding LLC, 983 F.3d 896, 899 (7th Cir. 2020) (citing Spokeo, Inc., 578 U.S. at 341); see also Raines v. Byrd, 521 U.S. 811, 820 n.3 (1997) ("It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.").

A party removing a case from state to federal court must "establish that all elements of jurisdiction—including Article III standing—existed at the time of removal." Collier v. SP Plus Corp., 889 F.3d 894, 896 (7th Cir. 2018). If a removed case lacks Article III standing, it is appropriate to remand the case

3

back to state court. Thornley v. Clearview AI, Inc., 984 F.3d 1241, 1249 (7th Cir. 2021).

   B.   The Parties' Arguments

      1.   *The Plaintiff's Motion to Remand* (Dkt. No. 21)

The plaintiff's motion to remand asserts that he lacks Article III standing and that he has failed to allege a concrete injury in fact. Dkt. No. 22 at 3. The plaintiff says that his allegations are indistinguishable from the types of allegations rejected by the Seventh Circuit as insufficient for standing. Id. at 4 (citing Markakos v. Medicredit, Inc., 997 F.3d 778, 780 (7th Cir. 2021); see also Casillas v. Madison Ave. Assocs., Inc., 926 F.3d 329 (7th Cir. 2019); Larkin v. Fin. Sys. of Green Bay, Inc., 982 F.3d 1060 (7th Cir. 2020); Bazile v. Fin. Sys. of Green Bay, Inc., 983 F.3d 274 (7th Cir. 2020); Spuhler v. State Collection Serv., Inc., 983 F.3d 282 (7th Cir. 2020); Gunn v. Thrasher, Buschmann & Voelkel, P.C., 982 F.3D 1069 (7th Cir. 2020); Brunett v. Convergent Outsourcing, Inc., 982 F.3d 1067 (7th Cir. 2020); Nettles v. Midland Funding, LLC, 983 F.3d 896 (7th Cir. 2020); Smith v. GC Servs. Ltd. P'ship, 986 F.3d 708 (7th Cir. 2021); Pennell v. Glob. Tr. Mgmt., LLC, 990 F.3d 1041 (7th Cir. 2021)). The plaintiff points out that even the notice of removal fails to allege a concrete injury in fact. Id. at 4. The plaintiff asks the court to remand with an award of costs and fees. Id. at 5.

      2.   *IC System's Response* (Dkt. No. 26)

IC System points out that contrary to the plaintiff's suggestion that it removed the case, it merely consented to the October 5, 2022 removal filed by Convergent. Dkt. No. 26 at 2 ("The Plaintiff's claim that ICS 'removed' the case is, at best, the result of careless drafting and at worst, an implicit attempt to mislead the court regarding ICS's role in the removal process."). IC System

4

argues that the plaintiff has failed to cite any legal authority that he can recover costs and fees from a party that merely consented to removal. Id.

IC System also argues that the plaintiff should not be rewarded for his dilatory behavior when the plaintiff failed to seek consent to remand before filing the motion to remand. Id. at 2-3. IC System cites a decision from Judge Lynn Adelman of this district denying fees and costs even though removal was improper because the plaintiff "contributed to the delay in remanding [the] case." Id. at 3 (citing Carhart-Halaska Intern. LLC v. Carhart, Inc., 920 F. Supp. 2d 971, 974 (E.D. Wis. 2013)). IC System emphasizes that the plaintiff waited 326 days after his counsel filed a notice of appearance to seek remand and even then only after IC System filed its motion for judgment on the pleadings. Id. at 4.

    3. *Convergent's Response* (Dkt. No. 28)

Convergent argues that the motion raises one primary issue—whether the plaintiff pled a concrete injury—and a secondary issue of whether removal was so "objectively unreasonable to warrant an award of costs and fees to plaintiff despite his dilatory conduct in bringing the motion to remand." Dkt. No. 28 at 2. Convergent cites the allegations in the complaint, particularly paragraph 8, where the plaintiff alleges that the "Defendant's conduct proximately caused Plaintiff costs, loss of credit opportunities, and stress." Id. at 3 (citing 1-1 at ¶8). Convergent recounts that two days after the notice of removal, the plaintiff's attorney filed his notice of appearance. Id. It recounts that the parties exchanged emails, and plaintiff's counsel wrote the following:

> Ponder (Plaintiff's counsel): Thanks for the discussion today. Hopefully, we can stay in federal court. The way Mr. Mahdi couched the action against Convergent for a CFR (Reg. F) violation, we should be good.

5

> Homes (Convergent's counsel): Thanks for reaching out today, Brian. As discussed, if you have any authority showing the federal court would not have original jurisdiction over this matter had it been brought initial[ly] in federal court, please let me know. Under the circumstances, I think it's a waste of time to file responsive pleadings until that matter is decided. Can we stipulate that my client's responsive pleadings will be filed 14 days after a decision denying any motion to remand or November 7, 2022, whichever comes first? Please let us know.
>
> Ponder: My prior email was intended to let you know that **I won't press the issue of original jurisdiction**. . . . Again, it is best it s[t]ays in federal court so I can participate and hopefully bring about a meaningful resolution of the case.

Dkt. No. 28 at 3-4 (emphasis added). Convergent notes that the parties then filed a joint Rule 26 report in which they agreed that the complaint alleged a violation of consumer protection laws and that the plaintiff would amend the complaint by November 30, 2022. Id. at 5.

Convergent argues that the plaintiff pled cost and "loss of credit opportunities" in the past tense, which suggests the plaintiff had incurred the traditional tangible financial harm giving rise to standing. Id. at 6. Convergent points to Seventh Circuit case law recognizing tangible financial harms. Diedrich v. Ocwen Loan Servicing LLC,, 839 F.3d 583 (7th Cir. 2016) (finding concrete harm where plaintiffs pled they paid more money and higher interest rates and suffered damage to their credit); see also Mack v. Resurgent Capital Servs. L.P., 70 F.4th 395, 403, 404-08 (7th Cir. 2023) (finding concrete harm where the plaintiff paid postage to send second validation request). According to Convergent, the cases cited by the plaintiff involved "mere confusion, aggravation, or annoyance." Dkt. No. 28 at 8.

Convergent argues that the removal was objectively reasonable and that the plaintiff should not be rewarded for his dilatory conduct. Id. at 9. It points out that two days after the removal, Convergent's attorney asked the plaintiff to

provide any authorities if he believed there was a lack of jurisdiction or standing. Id. at 10; Dkt. No. 28-1 at 3. Convergent says that the plaintiff's counsel did not provide any authorities and represented that he would not raise the issue and that the case should remain in federal court. Id.; Dkt. No. 28-1 at 4.

The plaintiff did not file a reply brief in support of his motion.

C. Article III Standing

Article III standing has three elements: (1) a concrete and particularized injury in fact (2) that is traceable to the defendant's conduct and (3) that can be redressed by judicial relief. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61, (1992). The Seventh Circuit has ruled, in a "slew of cases," that a "violation of an FDCPA provision, whether 'procedural' or 'substantive,' does not necessarily cause an injury in fact." Markakos, 997 F.3d at 780 (listing Seventh Circuit cases addressing this issue). To fulfill the injury-in-fact requirement, the violation must have "harmed or presented an 'appreciable risk of harm' to the underlying concrete interest that Congress sought to protect." Id. (quoting Casillas, 926 F.3d at 333). In Markakos, the Seventh Circuit explained that "an FDCPA violation might cause harm if it leads a plaintiff to pay extra money, affects a plaintiff's credit, or otherwise alters a plaintiff's response to a debt." Id. (citing Larkin, 982 F.3d at 1066).

The operative complaint in this case is the complaint filed in small claims court by the plaintiff, without the assistance of counsel. Dkt. No. 1-1. In that complaint, the plaintiff alleges that the defendants sent letters stating that he owed $1,222. Dkt. No. 1-1 at 3. The plaintiff alleges "negligence, negligence *per se* and violation of Wisconsin Administrative Code Chapter DFI Bkg 74.16(3)," and 12 C.F.R. §1006.6(d)(4)(i)(B). Id. at 4, ¶¶2-3. The complaint, however, does

7

not explain the plaintiff's injury beyond alleging that "defendants' conduct proximately caused Plaintiff costs, loss of credit opportunities, and stress." Id. at 4, ¶8.

The Seventh Circuit consistently has rejected stress as a concrete injury. Wadsworth v. Kross, Liberman & Stone, Inc., 12 F.4th 665, 668-69 (7th Cir. 2021). So, the court turns to the plaintiff's allegations of financial harms—his allegations that the defendants "proximately caused Plaintiff costs" and a "loss of credit opportunities." Dkt. No. 1-1 at 4, ¶8. The court found one case—from a district court in New York—finding these allegations to be sufficient for Article III standing. See Johnson v. Hunter Warfield, Inc., No. 22-cv-122, 2022 WL 1421815, at *2 (N.D.N.Y. May 5, 2022). That case is not controlling authority and this circuit requires harm that has—in fact—materialized. Pierre v. Midland Credit Mgmt., Inc., 29 F.4th 934, 938 (7th Cir. 2022). For example, a plaintiff does not have standing if the plaintiff "didn't make a payment, promise to do so, or otherwise act to her detriment in response to anything in or omitted from letter." Id. at 939.

Courts in this circuit have found that vague and conclusory allegations of financial harms are insufficient to demonstrate a concrete injury for purposes of Article III standing. See Branham v. TrueAccord Corp., No. 22 CV 00531, 2023 WL 2664010, *4 (N.D. Ill. Mar. 28, 2023) (collecting cases). A court in the Northern District of Illinois dismissed a case where the plaintiff made "vague reference to emotional distress, embarrassment, reputational damage and financial harm caused by the defendant's conduct." Hall v. Altus Legal, LLC, Case No. 20-cv-5539, 2021 WL 4243510, *2 (N.D. Ill. Sept. 17, 2021). A court in the Southern District of Illinois dismissed a case where the plaintiff alleged that he "suffered actual financial harm and monetary losses."

8

Simpson v. Revco Solutions, Inc., Case No. 22-cv-483, 2022 WL 17582742, *3 (S.D. Ill. Dec. 12, 2022). The court reasoned that such vague allegations fail to provide a basis on which the court could find standing based on a tangible economic harm. Id. Even costs associated with the litigation, such as the costs of hiring an attorney, are insufficient to establish standing. Choice v. Kohn Law Firm, S.C., 77 F.4th 636, 639 (7th Cir. 2023).

What gives the court pause is the procedural posture of this case. As the party invoking the court's jurisdiction, Convergent bears the burden of establishing standing to sue. Collier v. SP Plus Corp. 889 F.3d 894, 896 (7th Cir. 2017) (*per curiam*). Because standing is an indispensable part of case rather than a "mere pleading requirement[]," standing must be established "with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561. Convergent relies solely on the allegations in the complaint. The plaintiff filed the complaint without the assistance of counsel, but counsel appeared for the plaintiff within days of removal. The plaintiff's counsel said that he intended to amend the complaint by November 30, 2022, dkt. no. 13 at 2, but he never did. He also failed to engage in the discovery process and his conduct is the subject of the motion to compel and for sanctions. Dkt. No. 16. Convergent proceeded on plaintiff's counsel's representation that he would not challenge the removal and that the case belonged in federal court. Dkt. No. 28 at 3, 10. Only after IC System filed a motion for judgment on the pleadings did the plaintiff revisit his position on standing.

The plaintiff's conduct has left Convergent with little more than the allegations that the defendants "caused costs" and a loss of credit opportunities. These allegations are abstract: the court doesn't know whether

9

the plaintiff is referring to actual harm—actual costs incurred and paid by the plaintiff or actual instances where he applied for and was rejected for a loan. Now, over a year after the plaintiff filed the complaint, the plaintiff's attorney acknowledges that the complaint is insufficient to confer standing. Neither defendant has argued that it needs the answers to the discovery requests or the deposition to address the motion to remand. Given the plaintiff's current position and his obligations under Rule 11 of the Federal Rules of Civil Procedure, the court assumes that the plaintiff's attorney seeks remand because the plaintiff did not incur actual costs and cannot show a loss of credit opportunities. In the absence of any allegation that the harm materialized and that the plaintiff experienced a concrete injury, the court will grant the motion to remand.

Because of the plaintiff's conduct, the court will not award the plaintiff costs and fees. The removal statute states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). The Supreme Court has held that "the standard for awarding fees [under §1447(c)] should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).

Convergent had a reasonable basis to remove the case: the plaintiff pled that the defendants had "caused" costs and the plaintiff's attorney represented that he would not challenge the court's jurisdiction (creating the impression that costs had been incurred). IC System merely joined in the removal. The

10

plaintiff's attorney had an opportunity to amend the complaint, to participate in discovery and to respond to the motions. He apparently changed his mind about jurisdiction after IC System moved for judgment on the pleadings. The plaintiff wasted significant court and defense resources and much of that was avoidable. The court declines to award costs and fees.

## II. Convergent's Motions to Compel and for Sanctions (Dkt. No. 16); Convergent's Motion for Leave to File Supplemental Exhibits (Dkt. No. 19); and IC System's Motion for Judgment on the Pleadings (Dkt. No. 20)

Convergent filed a motion to compel responses to its interrogatories and requests for production of documents and a corresponding motion for sanctions for the plaintiff's failure to appear for his deposition and failure to timely respond to the requests for admissions. Dkt. No. 16. As part of the motion, Convergent asked to extend the June 20, 2023 discovery deadline to allow Convergent to conduct the deposition and correspondingly to extend the dispositive motion deadline. Id. at 2. After Convergent filed the motion, it moved to file supplemental exhibits to the motion to compel and for sanctions. Dkt. No. 19.

On August 25, 2023, IC System moved for judgment on the pleadings on the ground that the complaint attempted to assert claims for negligence and negligence *per se* and violation of the Wisconsin Administrative Code, but that it failed to allege sufficient facts to demonstrate the plausibility of those claims. Dkt. No. 20 at 3.

While both defendants filed their motions prior to the plaintiff's motion to remand, a district court may remand at any time for lack of subject-matter jurisdiction. "[A] court must dismiss the case without ever reaching the merits if it concludes that it has no jurisdiction." Mack v. Resurgent Capital Services, L.P., 70 F.4th 395, 403 (7th Cir. 2023) (quoting Capitol Leasing Co. v. F.D.I.C.,

11

999 F.2d 188, 191 (7th Cir. 1993)). Because the court lacks subject-matter jurisdiction, it will decline to rule on the defendants' motions.

### III. Conclusion

The court **GRANTS** the plaintiff's motion to remand and denies the plaintiff's request of for costs and fees. Dkt. No. 21. The court **REMANDS** this case to the Racine County Circuit Court/Small Claims Civil Division.

The court **DECLINES TO RULE** on defendant Convergent's motion to compel and for sanctions, dkt. no. 16, and Convergent's expedited motion for leave to file supplemental exhibits to pending motion for sanctions, dkt. no. 19.

The court **DECLINES TO RULE** on defendant IC System's motion for judgment on the pleadings. Dkt. No. 20.

Dated in Milwaukee, Wisconsin this 30th day of January, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**